[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] AMENDED MEMORANDUM OF DECISION
The factual context of the case is relatively straightforward. The plaintiff university seeks to recover on promissory notes executed by the defendant in connection with a student loan.
On June 30, 2000, the plaintiff, University of New England doing business as Westbrook College, filed a one count complaint seeking to enforce a Maine District Court judgment against the defendant, Stacy Leeman, in the amount of $4920.22 plus interests and costs. On February 5, 2001, the plaintiff amended its complaint, adding two counts, alleging a breach of contract based on two promissory notes executed pursuant to federal student loan programs. In response, the defendant claimed that there is a failure for lack of consideration. She also asserted that the CT Page 5239 plaintiff's claims in counts two and three are barred by the Statute of Limitations. She further contended that the plaintiff has failed to plead that it was bringing its action pursuant to the federal statute that includes the elimination of any limitations period.
On August 30. 2001, the court heard testimony and on November 20, 2001, the court issued a memorandum of decision addressing count one of the plaintiff's complaint concluding that the Maine judgment could not be enforced because the Maine court lacked personal jurisdiction over the defendant. The plaintiff, on December 5, 2001, filed a motion for articulation as to the claims it raised in counts two and three of its complaint. The court treats this motion as a motion to reopen judgment under Practice Book 17-4. On February 7, 2002, the defendant filed an objection to the motion for articulation. The court finds that its original memorandum was improvidently issued.
The elements of a cause of action for breach of contract are: 1) the existence of a contract or agreement; 2) a breach thereof, and 3) damages resulting from the breach. Donegan v. Gardner, Superior Court, judicial district of Litchfield, Docket No. 85057 (October 4, 2001, Walsh, J.). "[A] promissory note is nothing more than a written contract for the payment of money." Appliances, Inc. v. Yost, 181 Con. 207, 210 (1980). Since a note is a contract, "the fundamental rules governing contract law are applicable." Id., 211.
Plaintiff's witness, Douglas Beasley, the manager of student accounts and collection for Westbrook College, testified that the promissory notes were funded through the federal programs, Perkins loan and Nursing student loan. He further testified that the proceeds from the notes were applied to the defendant's tuition account. He also testified that the defendant was matriculating at the plaintiff's institution at the time the notes were executed and at the time the proceeds were applied to the defendant's tuition account. Beasley further stated that the balances of the notes remain outstanding.
The defendant testified that her signature is on both promissory notes. There was testimony that the defendant stopped making payments shortly after moving to Connecticut in August 1991. Additionally, the defendant's answer acknowledges the execution of the promissory note titled "Nursing Student Loan Program Promissory Note" (Nursing Note). Based on these facts, the court finds that the plaintiff has met its burden of making out a prima facie case for breach of contract as to the two notes.
The defendant has asserted, however, two special defenses. "The purpose of a special defense is to plead facts that are consistent with the CT Page 5240 allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Danbury v. Dana Investment Corp.,249 Conn. 1, 17, 730 A.2d 1128 (1999); see also Practice Book §10-50. In her third special defense[1], the defendant asserts that she is not liable under the notes for failure of consideration because the plaintiff refused to allow the defendant to complete her course and graduate. The only evidence put forth to support this defense is the defendant's own testimony. She stated that she did not complete her course of study and that she could not receive a copy of her transcript. She stated that she could not receive a transcript because there was money outstanding. These facts are irrelevant to the defendant's obligation to repay the borrowed money. Therefore, the defendant has not met her burden of proof as to this special defense.
In her fourth special defense the defendant claims that General Statutes § 52-576 provides that an action on any contract in writing must be brought within six years after the right of action accrues. According to the defendant, the plaintiff's right of action on the collection of the promissory notes accrued at the time of the breach, when the defendant stopped making payments. Testimony indicates that she stopped making payments in August of 1991 and had not made a payment since. Under the defendant's theory, the plaintiff should have brought suit by August 1997. Therefore, the plaintiff is now barred from bringing this action filed on June 30, 2000.
First, it should be noted that this action is one for breach of contract based on nonpayment of promissory notes, not a statutory cause of action pursuant to a Connecticut statute, so the plaintiff was not required to plead the federal statutes, as the defendant claims.
Here, the note titled "Perkins Loan Program" (Perkins Note) expressly provides that "[a]ll sums advanced under this note are drawn from a fund under Part F of Title IV of the Higher Education Act of 1965, as amended . . . and are subject to the Act and the Federal Regulations under the Act." Similarly, the Nursing Note states that "[t]he terms of this Note shall be construed according to the Federal Statute (42 U.S.C. § 297a-297i) and regulations . . . governing the administration of the Nursing Student Loan program. . . ."
20 U.S.C.A. § 1091a(a) provides in relevant part that "no limitation shall terminate the period within which suit may be filed, [or] a judgment may be enforced . . . by . . . an institution seeking the repayment of the amount due from a borrower on a loan . . . after the default of the borrower on such loan. 20 U.S.C.A. § 1091a(a) (2) (C). The federal statute's expressed purpose is "to insure that obligations to repay loans and grant overpayments are enforced without regard to any CT Page 5241 . . . State statutory, regulatory, or administrative limitation on the period within which debts may be enforced."20 U.S.C.A. § 1091a(a) (1). This statutory language evidences "Congress' clear intent to preempt State limitations laws." State v. Shaw, 189 App.Div.2d 1057, 1058
(1993), quoting, State of Higher Education Services Corp. v. Starr,179 App.Div.2d 992, 994 (1992).
In addition, 42 U.S.C.A. § 297b(1) (2) mirrors the language in20 U.S.C.A. § 1091a and provides in relevant part that "no limitation shall terminate the period within which suit may be filed, [or] a judgment may be enforced . . . by a school of nursing . . . that is seeking the repayment of the amount due from a borrower on a loan . . . after default of the borrower on such loan."42 U.S.C.A. § 297b(1) (2). These federal statutes govern the instant case. The plaintiff has alleged that the notes were pursuant to federal loan programs. Moreover, Beasley testified that the notes were funded through these federal programs. Therefore, the court finds that the plaintiff is not barred by the six-year statute of limitations as provided in General Statutes § 52-576. The defendant has not defeated the plaintiff's claim for breach of contract.
The Nursing Note indicates that the defendant borrowed a total of $2000 pursuant to its terms. (Plaintiff's Exhibit 3.) The Perkins Note indicates that the defendant borrowed a total of $900 pursuant to its terms. (Plaintiff's Exhibit 1.) According to the plaintiff, the defendant owes it a total of $2900 plus interest, as well as, attorneys' fees and costs. The defendant testified. however, that she had contact with the plaintiff's collection agency and had paid the agency some money. Beasley acknowledged that the plaintiff received three small payments from the collection agency prior to 1998. No evidence has been put forth to show exactly how many payments were made or how much such payments were.
Accordingly, the judgment is reopened and the court finds that the defendant owes the plaintiff the following:
Perkins loan — $900 plus 5% interest of $401.16 calculated through October 7, 2001
Nursing loan — $2000 plus 5% interest of $881.34 calculated through October 7, 2001
Attorney's fees in the amount of $435 plus costs.
By the court.
Gill, J. CT Page 5242